```
 1  Matthew R. Clark (SBN 271054)
    mclark@rasflaw.com
 2  ROBERTSON, ANSCHUTZ & SCHNEID
    1162 El Camino Real, Suite 100
 3  San Diego, CA 92130
    Telephone: (561) 613-0066 ext. 1899
 4
    Attorneys for DITECH FINANCIAL, LLC f/k/a GREEN TREE SERVICING LLC
 5
 6
 7
 8               UNITED STATES BANKRUPTCY COURT
 9        EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION
```

| | |
|---|---|
| In re | Case No.13-20096 |
| | Chapter 11 |
| CALEB D TECTOR AND STEPHANIE J LARSON, | DC No.: RAS-1 |
| Debtor(s). | **EX PARTE MOTION FOR ENTRY OF AN ORDER DIRECTING THE CLERK TO RESTRICT REMOTE ELECTRONIC ACCESS TO DESIGNATED FILINGS AND AUTHORIZING REPLACEMENT FILING** |

Pursuant to sections 105(a) and 107(c) of title 11 of the United States Code, 11 U.S.C. §101, et seq. (the "Bankruptcy Code"), and Rule 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), DITECH FINANCIAL, LLC f/k/a GREEN TREE SERVICING LLC ("Movant"), by and through its undersigned counsel, hereby moves this Court for entry of an order: (i) directing the Clerk of the Court to restrict remote access to Designated Filings (as defined below) to protect certain personally identifiable information ("PII") contained therein. This ex parte motion (the "Motion") may be granted without notice because the restriction of access to the Designated Filings does not affect the substantive rights of any interested parties.

/././

/././

/././

In support of this Motion, Movant respectfully states as follows:

## FACTUAL BACKGROUND

1. Movant takes very seriously the need to protect its customers' PII and its obligations under Bankruptcy Rule 9037. Movant's good faith belief was that it had redacted the CCI in compliance with Bankruptcy Rule 9037 prior to the filling of the Proof of Claim, as Claim number 4-1 on the Claims Register and the Proof of Claim, as Claim number 10-1 on the Claims Register, in the above-captioned case (the "Designated Filing").

2. Movant, however, recently uncovered certain imperfectly-redacted PII in the Designated Filings and, therefore, files this Motion to remediate the filing.

3. Movant originally filed the Designated Filing on March 27, 2013 and May 20, 2013. Movant seeks to correct the Designated Filing and redact the confidential information in accordance with Bankruptcy Rule 9037 because Movant prepared and filed the Designated Filing, and believes that it is legally obliged under federal law to correct the reaction issues it has identified.

## RELIEF REQUESTED

4. Movant requests entry of an order: (i) directing the Clerk of the court to permanently restrict remote electronic access to the Designated Filings and (ii) authorizing Movant to file a redacted version of the Designated Filing that corrects any imperfectly redacted CCI (the "Replacement Filing"). The Replacement Filing is identical to the Designated Filing in all respects except for the removal of any imperfectly redacted CCI.

## BASIS FOR RELIEF REQUESTED

**A.　CAUSE EXISTS TO RESTRICT ACCESS TO THE DESIGNATED FILINGS**

**1.　Legal Standard**

Section 107(c) of the Bankruptcy Code provides, in relevant part:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property: (A) any means of identification (as defined in section 1028(d) of title 18 contained in a paper filed, or to be filed, in a case under this title. (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. §107(c). Bankruptcy Rule 9037(d)(2) provides that "[f]or cause, the court may by order in a case under the Code: … (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Bankr. P. 9037(d)(2). Further, section 105(a) of the Bankruptcy Code authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. §105(a).

　　2.　**Movant Has Standing To Seek Relief**

　　　　a.　<u>Privacy Statues and Regulations Impose a Continuing Obligation on Movant to Protect PII</u>

As noted above, despite its good faith efforts to fully redact all information subject to Bankruptcy Rule 9037, Movant, in its capacity as a creditor or other party in interest, has made a filing in this matter that is publicly available on the Court's electronic case filing system that contains imperfectly redacted PII.

First, the Gramm-Leach-Bliley Financial Modernization Act ("<u>GLBA</u>") imposes "an affirmative and continuing obligation" on financial institutions "to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."[1] 15 U.S.C. § 6801(a) See also e.g., Lehman Bros. Holdings, Inc. v. Equity Res., Inc., Case No. 2:09-CV-735, 2009 WL 2246236, at *1 (W.D. Pa. July 27, 2009) (entering protective order governing discovery process related to mortgage loans sold by defendant to plaintiff in light of GLBA's imposition of affirmative and continuing obligation to protect nonpublic personal information on the parties).

Second, the Office of the Comptroller of the Currency ("OCC"), which regulates national banking associations such as Movant, has promulgated 12 C.F.R. § 40.10 ("Section 40.10"), prohibiting banks from disclosing any nonpublic personal information about a consumer to a nonaffiliated third party. Section 40.10 defines a consumer as "an individual who obtains or has obtained a financial product or service from a bank that is to be used primarily for personal, family, or household purposes, or that individual's legal representative." 12 C.F.R. § 40.3(e)(l). This definition of consumer includes those who no longer have a continuing relationship with the bank. See 12 C.F.R. § 40.3(e)(2) (listing examples of consumers to include those who have applied for credit regardless of whether credit is extended, those who seek advisory services regardless of whether the relationships continue, and those who have a loan serviced by the bank even if the bank holds those servicing rights in conjunction with other institutions); see also 12 C.F.R. § 1016.8(b)(iii) (prohibiting banks from disclosing nonpublic personal information about a consumer to a nonaffiliated third party unless notice is given, and describing such notice as, among other things, being provided to former customers). In short, as a financial institution subject to the GLBA and OCC regulations, Movant has an affirmative and continuing obligation to protect non-public personal information of its consumers.

**WHEREFORE**, Movant respectfully requests that the Court enter an order: (i) directing the Clerk of the Court to permanently restrict remote electronic access to the Designated Filings; (ii) authorizing Movant, its successors and assigns, to file the Replacement Filing, and (iii) granting such other and further relief as the Court deems appropriate.

**Respectfully submitted,**

**ROBERTSON, ANSCHUTZ & SCHNEID, P.L**.

Dated: January 30, 2017        /s/ *Matthew R. Clark* (SBN 271054)
MATTHEW R. CLARK
Attorneys for Movant